OPINION OF THE COURT
Thomas A. Demakos, J.
On December 21, 1987, the defendant, Jason Ladone, was convicted by jury verdict of manslaughter in the second de *270 gree and assault in the first degree in the "Howard Beach incident”. He was sentenced by this court on February 11, 1988 to consecutive sentences of 2Vi to 7Vi years and committed forthwith to the custody of the State Department of Correctional Services. Subsequent to his commitment on February 11, 1988, the defense brought a motion before an Associate Justice of the Appellate Division, Second Department, for a stay of execution of the judgment of this court, pursuant to CPL 460.50 and for defendant’s release on his own recognizance or, in the alternative, for reasonable bail to be set. His motion for a stay was granted and bail was set in the amount of $150,000. Later that day, February 11, 1988, La-done was released.
On July 31, 1989, the Appellate Division, Second Department, affirmed Ladone’s conviction and the consecutive sentences imposed (People v Kern, 149 AD2d 187) and on March 29, 1990, the New York Court of Appeals affirmed the order of the Appellate Division upholding the defendant’s conviction and consecutive sentences (People v Kern, 75 NY2d 638). Ladone was ordered to surrender to the Supreme Court, Queens County, on April 23, 1990, to resume serving his sentence.
Prior to Ladone’s surrender, he moved this court for modification of his sentence pursuant to CPL 430.10. On April 23, 1990, this court denied the defendant’s motion holding that it was without power and it lacked jurisdiction to reduce the defendant’s sentence. Moreover, the court held that even if it could do so, the defendant had failed to provide this court with any new or relevant factual information which would justify a basis for a modification of his sentence. The following is the decision and opinion of this court:
Preliminarily, CPL 430.10 provides: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or intercepted once the term or period of the sentence has commenced”.
Here, after the defendant was sentenced by this court in accordance with law, he was at that point committed to the custody of the State Department of Correctional Services. The fact that the courtroom jail facilities and the New York City Department of Correction received the prisoner while he was being processed for assignment to a State correctional facility *271 did not vitiate the fact that he was in the custody of the State. The courtroom jail facilities as well as those in the City Department of Correction are deemed agents of the State when receiving a sentenced State prisoner. To hold otherwise would mean that the prisoner would not be receiving credit for the time that he spent in the city facility pending his processing and delivery to a State institution.
In support of his motion to modify his sentence, the defendant Ladone argues that his sentence had not yet commenced since he had not been committed to the custody of the State Department of Correctional Services. He relies on Penal Law § 70.30:
"Calculation of terms of imprisonment.
"1. Indeterminate sentences. An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services”.
This subdivision of the statute then further explains the various formulas to be used in calculating the time period of a defendant’s incarceration. This court holds that the focus and application of section 70.30 was never intended to determine the commencement date of a sentence, rather it was intended to determine the method to be used to calculate the term of imprisonment.
Additionally, when the Associate Justice of the Appellate Division granted Ladone’s stay of execution of sentence, this stay occurred hours after the defendant’s commitment had been ordered and he had commenced serving his sentence. CPL 460.50 (1) provides: "1. * * * That phase of the order staying or suspending execution of the judgment does not become effective unless and until the defendant is released, either on his own recognizance, or upon the posting of bail.”
Ladone began serving his sentence during the morning hours of February 11, 1988. Later that day, pursuant to the order of the Appellate Division, he posted bail and was then released. It was at this point that his commitment was suspended as the stay of execution became effective. Applying these sections of the Criminal Procedure Law to the facts before this court, it is clear that when the defendant’s commitment was issued and he was remanded into the courtroom prisoner facility, his term of imprisonment had commenced.
Additionally, even if the court possessed the inherent power *272 to modify Ladone’s sentence, it would not do so. The defendant’s moving papers are void of any facts or circumstances that were not previously brought to the attention of this court at time of imposition of sentence on February 11,1988.
Therefore, the defendant’s motion to modify his sentence is denied in all respects.